

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2002

# USA v. Guiterrez

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-3546

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Guiterrez" (2002). *2002 Decisions.* Paper 472.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/472

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 00-3546
_____

UNITED STATES OF AMERICA

v.

AGUSTIN GUTIERREZ,
                                        Appellant

(E.D. Pa. Crim. No. 00-cr-00012-3)
_____

No. 00-3753
_____

UNITED STATES OF AMERICA

v.

EDWARD VARGAS,
                                        Appellant

(ED Pa. Crim. No. 00-cr-00012-2)
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
District Judge:  The Honorable Franklin S. VanAntwerpen
_____

Submitted Under Third Circuit LAR 34.1(a)
July 25, 2002
_____

Before: SLOVITER, NYGAARD, and BARRY, Circuit Judges

(Opinion Filed: July 26, 2002)
_____

OPINION
_____


BARRY, Circuit Judge
     Appellants Agustin Gutierrez and Edward Vargas were convicted by a jury of
conspiracy to distribute crack cocaine and aiding and abetting the distribution of crack
cocaine.  Gutierrez was sentenced to 293 months' imprisonment.  Vargas was sentenced
to 360 months.  Both appellants challenge the sufficiency of the evidence and Gutierrez
challenges the District Court's two-level enhancement for obstruction of justice under
U.S.S.G.  3C1.1.  The District Court had jurisdiction under 18 U.S.C.  3231.  We have
jurisdiction pursuant to 28 U.S.C.  1291 and 18 U.S.C.  3742.  We will affirm.

I.

As appellants acknowledge, a sufficiency of the evidence claim faces a substantial hurdle. "Only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt, may an appellate court overturn the verdict." United States v. McNeill, 887 F.2d 448, 450 (3d Cir. 1989).

That is simply not the case here. The evidence clearly supported the jury's verdict, as both the trial record and the District Court's detailed summary of the evidence in the course of explaining its ruling on the sentence enhancement (discussed further below) show. The Court noted a number of telephone calls among appellants and a co-defendant, Padilla(who pled guilty and testified at trial), and between Padilla and a government informant, Castillo. With reference to the latter calls, the Court noted that Padilla stated that his source, who sold him the cocaine, insisted on having a representative present at the transaction, and that the representative would "follow" Padilla and Castillo to the transaction site as Gutierrez and Vargas did. Castillo also testified that some of these calls with Padilla involved discussions of the amount of cocaine to be sold as well as other arrangements for the transaction.

The District Court described the fortuitous, "impeccable timing" of all three (Gutierrez, Vargas, and Padilla) encountering each other and then proceeding, with Castillo, to the location (at least 45 minutes' drive from where they originally met) at which the drug transaction occurred. It reviewed the evidence that Gutierrez and Vargas, once they arrived, conducted "counter-surveillance" of the location before the transaction occurred, and the evidence that they continued surveillance of the transaction until it ended and the participants were arrested. In sum, a review of the evidence and the inferences plausibly made therefrom in the light most favorable to the government leaves no doubt that a rational jury could have found a concerted plan among Padilla, Gutierrez, and Vargas knowingly to sell drugs, and that Gutierrez and Vargas acted in furtherance of that plan. On appeal, Gutierrez and Vargas "simply reargue [their] defense" that they did not know that the outing was in fact a drug transaction, an argument that will not raise them over the hurdle they face. United States v. Smith, 186 F.3d 290, 294 (3d Cir. 1999). Appellants have not shown that the evidence was so lacking that a reasonable jury could not have found them guilty beyond a reasonable doubt.

                                II.

Gutierrez's sentencing challenge fails for similar reasons he must show clear error in the sentencing court's factual determinations that he obstructed justice here, that he committed perjury. Perjurious testimony qualifies a defendant for the enhancement under U.S.S.G. 3C1.1. The false testimony must not be simply the result of mistake, faulty memory, or other innocent reason, and the government must establish a willful obstruction of justice. See United States v. Fiorelli, 133 F.3d 218 (3d Cir. 1998).

The District Court did not err in enhancing Gutierrez's sentence. It heard, of course, the extensive evidence at trial and Gutierrez's testimony, and heard argument as to whether he had perjured himself at trial; indeed, it heard the same arguments that Gutierrez now raises on appeal, and documented record evidence that specifically refuted those arguments, including the "well corroborated and convincing" evidence that refuted the "untruthful trial testimony." Supp. App. at 7. We will not repeat the thorough analysis and findings by the District Court. Id. at 7-26. Suffice it to say that those findings were well supported by the evidence in the record and surely were not clearly erroneous.

                                III.

The evidence in this case was clearly sufficient to support the jury's verdict of guilt beyond a reasonable doubt. Further, the District Court did not err in imposing the two-level enhancement for obstruction of justice on Gutierrez. We will affirm the judgments of conviction and sentence.

TO THE CLERK OF THE COURT:
     Kindly file the foregoing Opinion.
                         /s/ Maryanne Trump Barry
                          Circuit Judge